IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. TAURO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-1545 |
| | ) |
| MAX BAER, KATHLEEN R. MULLIGAN, | ) |
| JOAN ORIE-MELVIN, YET UNNAMED | ) |
| EMPLOYEES OF THE DOMESTIC | ) |
| RELATIONS SECTION OF THE FAMILY | ) |
| DIVISION, INDIVIDUALLY | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OPINION**

CONTI, District Judge

**I. Introduction**

Pending before the court is the motion to strike (the "Motion") (Docket No. 12), filed on March 31, 2009, by pro se plaintiff, John T. Tauro ("Tauro" or "plaintiff"). The Motion seeks to strike the answer [sic][1] (Docket No. 9), filed on March 3, 2009, by judicial defendants, Max Baer, Kathleen R. Mulligan, and Joan Orie-Melvin (collectively, the "defendants"). On April 6, 2009, defendants filed a response (Docket No. 14) to plaintiff's Motion. On April, 9, 2009, plaintiff filed a reply to defendants' response. (Docket No. 15.)

Plaintiff argues that he is entitled to an order granting the Motion to strike defendants' answer from the record and reinstating plaintiff's default judgment because defendants' answer

---

[1] Plaintiff characterizes defendants' response to his complaint as an answer. Defendants' response, however, is in the form of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

was filed beyond the sixty-day time frame for filing an answer.  Defendants argue that plaintiff's Motion is a back-door attempt to circumvent the court's denial of plaintiff's motion for default and default judgment.  After considering the parties' submissions, and for the reasons set forth below, the court will deny with prejudice plaintiff's Motion to strike.

## II.  Background

On December 16, 2008, plaintiff filed a complaint against defendants alleging that defendants violated plaintiff's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.  (Compl. ¶ 2.) (Docket No. 3.)  On December 18, 2008 plaintiff mailed to each named defendant a return of waiver of service.  (Docket Nos. 5-7.)  On January 7, 2009, legal counsel for each defendant filed a return of waiver of service.  (Id.)  On February 17, 2009, defendants' answer to plaintiff's complaint was due.  (Id.)  On March 2, 2009, plaintiff filed a request for entry of default and default judgment against defendants.  (Docket No. 8.)  On March 3, 2009, defendants filed a motion to dismiss plaintiff's complaint with a brief in support.  (Docket Nos. 9-10.)  By Order dated March 6, 2009, the court denied as moot plaintiff's request for entry of default and default judgment due to the filing of defendants' motion to dismiss.  (Docket No. 10.)

## III.  Standard of Review

Motions to strike pleadings are governed by Federal Rule of Civil Procedure 12(f).  "Upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P 12(f) (emphasis added).  A decision to grant

or deny a motion to strike a pleading is vested in the trial judges's sound discretion. <u>Snare & Triest v. Friedman</u>, 169 F. 1, 6 (3d Cir. 1909); <u>Canady v. Erbe Elektromedizin GMBH</u>, 307 F. Supp.2d 2 (D. D.C. 2004). Motions to strike are generally disfavored by courts because they propose a drastic remedy. <u>Canady</u>, 307 F. Supp.2d at 7-8. Similarly, a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent. <u>Cippollone v. Liggett Group, Inc.</u>, 789 F. 2d 181,188 (3d Cir. 1986).

### IV. Discussion

Federal Rule of Civil Procedure 4(d)(3) captioned "Time to Answer After Waiver" states in pertinent part:

> A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent.

FED. R. CIV. P. 4(d)(3).

Plaintiff's Motion is premised on the characterization of defendants' response as an answer. Defendants, however, did not respond to plaintiff's complaint in the form of an answer. Defendants responded to plaintiff's complaint by filing a motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(f), a motion to strike is only applicable to responsive <u>pleadings</u>. An answer is a pleading. <u>See</u> FED. R. CIV. P. 7(a) (defining a pleading as a complaint, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party complaint, a third-party answer, and in some circumstances, a reply to an answer or third-party answer). A motion to dismiss is not a pleading. <u>See</u> <u>GRS Dev. Co. v. Jarrett</u>, No. Civ. 596-2001, 2003 WL 21134437 (V.I. Apr. 10, 2003) (denying motion to strike response to motion for summary judgment on the

basis that a motion for summary judgment is not a pleading and neither the motion for summary judgment nor its contents are amenable to being struck from the record).

Plaintiff misstates his motion for default and default judgment as a default judgment itself.  The distinction is significant.  Plaintiff motioned the court for a default and default judgment.  The court had not yet ruled on plaintiff's motion for default and default motion at the time defendants filed the motion to dismiss.  Courts have discretion to dismiss motions for default and default judgment.  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1984).  This court exercised its discretion to dismiss plaintiff's motion for default and default judgment upon the filing of the motion to dismiss - defendants' response to plaintiff's complaint. The predicate for plaintiff's motion for default and default judgment no longer existed after defendants filed the motion to dismiss.

Even if plaintiff's Motion was justiciable and the court was able to grant plaintiff's motion to strike defendant's motion to dismiss, the court would not grant the motion or order default and default judgment in this case.  Rather, the court would be guided by the well-founded precept disfavoring default judgments.  See Foman v. Davis, 371 U.S. 178, 181-82 (1962) (explaining that, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities").  Here, defendants filed their motion to dismiss on March 3, 2009.  Although the court is mindful that defendants' response was due on February 17, 2009, the court, on the record before it, would not order the drastic remedy of striking defendants' response to plaintiff's complaint solely on the basis that it was untimely filed by two weeks.  See  GRS Dev. Co., 2003

WL 21134437 at *3 (citing Poulis v. State Farm Fire and Casualty Co. 747 F.2d 863 (3d Cir. 1984)).

## V. Conclusion

For all the reasons mentioned above, plaintiff's Motion to strike defendants' motion to dismiss[2] is denied with prejudice.  The court's Order of March 6, 2006, denying plaintiff's request of default and default judgment as moot, remains in full effect.

Dated:  August 4, 2009                                         /s/ Joy Flowers Conti
                                                               Joy Flowers Conti
                                                               United States District Judge


cc:     John J. Tauro
        5309 Perrysville Road, 1st Floor
        Pittsburgh, PA 15229

---

[2]     Plaintiff improperly referred to defendants' motion to dismiss as defendants' answer.

5